1
2
3
4
5          UNITED STATES DISTRICT COURT
6          EASTERN DISTRICT OF WASHINGTON
7  RANDY M. ROCHA,                    )
                                      )    NO.     CV-12-00331-WFN
8              Plaintiff,             )
                                      )
9      -vs-                           )    ORDER GRANTING
                                      )    DEFENDANT'S MOTION FOR
10 CAROLYN W. COLVIN, Commissioner    )    SUMMARY JUDGMENT
   of Social Security,[1]             )
11                                    )
               Defendant.             )
12 _____   )

13        Before the Court are cross-Motions for Summary Judgment (ECF Nos. 16 and 18).

14 Attorney Lora Lee Stover represents Plaintiff.  Special Assistant United States Attorney

15 Leisa A. Wolf represents Defendant.  The Court has reviewed the administrative record and

16 briefs filed by the parties and is fully informed.

17                            **JURISDICTION**

18        Plaintiff protectively applied for supplemental security income benefits on January 25,

19 2010, alleging disability beginning on March 18, 1997, due to physical and mental

20 impairments.  The application was denied initially and on reconsideration.

21
22        _____

23        [1]   Carolyn W. Colvin became the Acting Commissioner of Social Security on

24 February 14, 2013.  Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Carolyn

25 W. Colvin is substituted for Michael J. Astrue as the defendant in this suit. No further action

26 need be taken to continue this suit by reason of the last sentence of 42 U.S.C. § 405(g).

ORDER GRANTING DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT - 1

1    A hearing was held before Administrative Law Judge (ALJ) Moira Ausems on May 16,

2    2011.  At the hearing, Plaintiff, represented by counsel, testified as did Deborah Lapoint, a

3    vocational expert (VE).  The ALJ concluded that Plaintiff was not disabled.  The Appeals

4    Council denied Plaintiff's request for review making the ALJ's decision the final decision of

5    the Commissioner.  Pursuant to 42 U.S.C. § 405(g), this final decision is appealable to the

6    district court.  Plaintiff sought judicial review on April 30, 2012.

7                                                                FACTS

8    The facts of the case are set forth in detail in the transcript of the proceedings and

9    are briefly summarized here.  Plaintiff was twenty two years old at the time of the

10    hearing.  Plaintiff never finished high school and has only rudimentary reading, writing,

11    and math skills. (Tr. at 60-61.)  In 2001, when he was twelve years old, Plaintiff was

12    struck by a car and suffered a concussion and went blind in his right eye. (Tr. at 79-80.)

13    Since the accident, Plaintiff states that he has had greater difficulty learning new things.

14    (Tr. at 80.)

15    Plaintiff received childhood social security benefits. (Tr. at 56-57.)  The benefits were

16    discontinued when Plaintiff was arrested and incarcerated in November 2008. (Tr. at 58-59,

17    62.)  In jail, Plaintiff worked in the kitchen and participated in group therapy. (Tr. at 61, 63,

18    78.)  Plaintiff was released from jail in January 2010. (Tr. at 62.)  Plaintiff has never had a

19    job. (Tr. at 87.)

20    Plaintiff reports anger and anxiety issues, which are sometimes "uncontrollable." (Tr.

21    at 67.)  Plaintiff claims that his anxiety symptoms, including stomach pain and nausea,  have

22    worsened since his release from jail especially when he gets nervous or is around large

23    groups of people. (Tr. at 68.)  Plaintiff also has trouble with authority and admits that he can

24    sometimes be violent. (Tr. at 83-84.)  Plaintiff has participated in therapy from time to time

25    and takes medication for his anger/anxiety and to treat migraines, which occur on a daily

26    basis. (Tr. at 66, 70-71, 74.)

ORDER GRANTING DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT - 2

Plaintiff attends adult education classes three times a week for five hours a day. (Tr. at 69.)  The large number of students in the classroom increases his anxiety and he prefers to study alone. (Tr. at 69.) Plaintiff spends most of his free time attempting to prepare for his classes, which mostly involves reading and writing. (Tr. at 69.) Plaintiff also states that he plays with his two daughters, goes for walks, watches movies, and plays Xbox and board games. (Tr. at 167-69.)

## SEQUENTIAL PROCESS

The Commissioner has established a five-step sequential evaluation process for determining whether a person is disabled.  20 C.F.R. §§ 404.1520(a), 416.920(a); *see Bowen v. Yuckert*, 482 U.S. 137, 140-42 (1987).  In steps one through four, the burden of proof rests upon the claimant to establish a prima facie case of entitlement to disability benefits. *Tackett v. Apfel*, 180 F.3d 1094, 1098-99 (9th Cir. 1999).  This burden is met once a claimant establishes that a physical or mental impairment prevents him from engaging in his previous occupation.  20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4).  If a claimant cannot do his past relevant work, the ALJ proceeds to step five, and the burden shifts to the Commissioner to show that (1) the claimant can make an adjustment to other work; and (2) specific jobs exist in the national economy which claimant can perform.  *Batson v. Comm'r, Soc. Sec. Admin.*, 359 F.3d 1190, 1193-94 (9th 2004).  If a claimant cannot make an adjustment to other work in the national economy, a finding of "disabled" is made.  20 C.F.R. §§ 404.1520(a)(4)(I-v), 416.920(a)(4)(I-v).

## ADMINISTRATIVE DECISION

At step one, the ALJ determined that Plaintiff did not engage is substantial gainful activity since January 25, 2010, the date of application.

At step two, the ALJ found that Plaintiff had the following severe impairments: right eye blindness, status-post left femur fracture with ORIF, chronic headache disorder, borderline intellectual functioning, antisocial personality disorder, alcohol

ORDER GRANTING DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT - 3

and cannabis dependence in reported remission, and major depressive disorder with possible anxiety or mixed posttraumatic stress disorder (PTSD) symptoms. (20 C.F.R. § 416.920(c)).

At step three, the ALJ found that Plaintiff did not have an impairment or combination of impairments that met or medically equaled any of the listed impairments described at 20 C.F.R. Part 404, Subpart P, Appendix 1(20 C.F.R. §§ 416.920(d), 416.925, and 416.926).

At step four, the ALJ found that Plaintiff had the residual functional capacity (RFC) to perform light work, subject to numerous physical limitations. The ALJ's RFC assessment also concluded that Plaintiff should only have superficial contact with the general public. The ALJ noted that Plaintiff had no past relevant work.

At step five, the ALJ concluded that, given Plaintiff's age, education, work experience, and RFC, there were jobs that existed in significant numbers in the national economy that Plaintiff could perform, including work as housekeeper, retail price checker, and café attendant.

## STANDARD OF REVIEW

In *Edlund v. Massanari,* 253 F.3d 1152, 1156 (9th Cir. 2001), the court set out the standard of review:

> A district court's order upholding the Commissioner's denial of benefits is reviewed *de novo*. *Harman v. Apfel*, 211 F.3d 1172, 1174 (9th Cir. 2000). The decision of the Commissioner may be reversed only if it is not supported by substantial evidence or if it is based on legal error. [*Tackett*, 180 F.3d at 1097]. Substantial evidence is defined as being more than a mere scintilla, but less than a preponderance. *Id.* at 1098. Put another way, substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). If the evidence is susceptible to more than one rational interpretation, the court may not substitute its judgment for that of the Commissioner. *Tackett*, 180 F.3d at 1097; *Morgan v. Commissioner of Social Sec. Admin.* 169 F.3d 595, 599 (9th Cir. 1999).

ORDER GRANTING DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT - 4

The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving ambiguities. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). The ALJ's determinations of law are reviewed *de novo*, although deference is owed to a reasonable construction of the applicable statutes. *McNatt v. Apfel*, 201 F.3d 1084, 1087 (9th Cir. 2000).

It is the role of the trier of fact, not this court, to resolve conflicts in evidence. *Richardson*, 402 U.S. at 400. If evidence supports more than one rational interpretation, the court may not substitute its judgment for that of the Commissioner. *Tackett,* 180 F.3d at 1097; *Allen v. Heckler*, 749 F.2d 577, 579 (9th Cir. 1984). Nevertheless, a decision supported by substantial evidence will still be set aside if the ALJ did not apply the proper legal standards in weighing the evidence and making the decision. *Brawner v. Secretary of Health and Human Servs.*, 839 F.2d 432, 433 (9th Cir. 1988). If substantial evidence exists to support the administrative findings, or if conflicting evidence exists that will support a finding of either disability or non-disability, the Commissioner's determination is conclusive. *Sprague v. Bowen*, 812 F.2d 1226, 1229-1230 (9th Cir. 1987).

## ISSUES

1. Did the ALJ err in disregarding the opinions of Plaintiff's physicians regarding Plaintiff's mental impairments?

2. Did the ALJ err in assessing Plaintiff's RFC?

3. Does the record as a whole support the ALJ's conclusion that Plaintiff is not disabled?

## DISCUSSION

### 1. Did the ALJ err in disregarding the opinions of Plaintiff's physicians regarding Plaintiff's mental impairments?

Plaintiff argues that the ALJ did not properly consider the opinions of his providers at Spokane Mental Health or the opinion of the consultative expert regarding the nature of his mental impairments. The Court disagrees.

ORDER GRANTING DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT - 5

1    **a. Spokane Mental Health**

2    Certain treatment records created by Spokane Mental Health support Plaintiff's

3 argument that he suffers greater mental impairments than found by the ALJ.  Along with

4 depression and anxiety, Yookwi Im, MA and Karen Todd, MS diagnosed Plaintiff with

5 schizophrenia and noted Plaintiff's complaints about hearing voices and hallucinating. (Tr.

6 at 338, 356, 482, 654, 664, 684.)  The ALJ gave little weight to these opinions.

7    The ALJ recognized that neither Yookwi Im nor Ms. Todd were acceptable medical

8 sources.  (Tr. at 36.)  The Social Security Administration needs "evidence from acceptable

9 medical sources to establish whether [a claimant] [has] a medically determinable

10 impairment(s)." 20 C.F.R.  § 416.913(a); *see also* 20 C.F.R.  § 416.913(d) (therapists are

11 "other sources," not acceptable medical sources).  An ALJ is only required to give "germane"

12 reasons to discount evidence from "other sources." *Dodrill v. Shalala*, 12 F.3d 915, 919 (9th

13 Cir. 1993).  Germane reasons to discount evidence from "other sources" include

14 contradictory opinions and lack of support in the record. *Molina v. Astrue*, 674 F.3d 1104,

15 1111 (9th Cir. 2012).  The ALJ provided germane reasons for giving little weight to Yookwi

16 Im's and Ms. Todd's diagnoses. The ALJ reasoned that "the schizophrenia diagnosis . . . is

17 not supported by the remaining evidence" and " Plaintiff's "inconsistency and non-

18 compliance with treatment suggests that his conditions are not as troublesome as he alleges."

19 (Tr. at 36.)

20    The ALJ also gave germane reasons for rejecting the opinion of Alana Brown-Clutter,

21 MS/NCC who opined in March 2011 that Plaintiff would be unable to engage in substantial

22 gainful activity for 12 months. (Tr. at 493.)  The ALJ rejected this opinion because it was

23 "countered by the majority of the remaining evidence." (Tr. at 36.)  This was a germane

24 reason for rejecting Ms. Brown-Clutter's opinion. *See  Batson*, 359 F.3d at 1195 (An ALJ

25 may reject medical opinions that are "conclusory, brief, and unsupported by the record as a

26 whole.").

ORDER GRANTING DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT - 6

1    The ALJ briefly cited to a record signed by Spokane Mental Health physician Hal

2    Gillespie, M.D. noting that Dr. Gillespie diagnosed Plaintiff with generalized anxiety

3    disorder. (Tr. at 31.) It is true that Dr. Gillespie diagnosed Plaintiff with Major Depression

4    (moderate), Generalized Anxiety Disorder (severe), and Borderline Personality Disorder

5    (with paranoid traits). (Tr. at 382.)  But Dr. Gillespie also found Plaintiff that was "oriented

6    in all spheres, memory is intact and intelligence is normal." (Tr. at 382.)  Dr. Gillespie also

7    observed that Plaintiff's speech was "coherent, relevant and goal directed without over

8    psychotic thought content." (Tr. at 382.) Although the ALJ did not discuss Dr. Gillespie's

9    opinions in detail, she was not required to. "[I]n interpreting the evidence and developing the

10   record, the ALJ does not need to discuss every piece of evidence." *Howard v. Barnhart*, 341

11   F.3d 1006, 1012 (9th Cir. 2003) (internal quotation marks omitted).  Dr. Gillespie's opinions

12   do not contradict the other medical evidence in the record or the ALJ's ultimate finding of

13   nondisability.  Any error associated with the ALJ's failure to discuss Dr. Gillespie's opinion

14   in greater detail was harmless because the opinions were "inconsequential to the ultimate

15   nondisability determination." *Carmickle v. Comm'r, Soc. Sec. Admin.*, 533 F.3d 1155, 1162

16   (9th Cir. 2008).

17        The ALJ properly evaluated the records created by Spokane Mental Health.

18        **b.  Consultative expert: Nathan D. Henry, Psy. D.**

19        Plaintiff argues that the ALJ improperly rejected the opinion of the "consultative

20   expert." (ECF No. 16 at 10.)  Plaintiff fails to identify the opinion in question but the

21   Court assumes that Plaintiff is referencing the opinion of Nathan D. Henry, Psy. D.

22   who conducted an independent psychological evaluation of Plaintiff in May 2010.[2]  The

23   

24        [2]Defendant suggests that Plaintiff might have also meant Eric S. Hussey, O.D. as the

25   "consultative expert." (ECF No. 18 at 9.)  Given that Plaintiff is only challenging the ALJ's

26   consideration of the consultative expert's opinions "as they pertain to Plaintiff's mental

ORDER GRANTING DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT - 7

1   Court disagrees that the ALJ improperly rejected Dr. Henry's opinions. Plaintiff's argument

2   is flawed because  the ALJ did not actually reject Dr. Henry's opinion.  Rather, the ALJ

3   assigned "significant weight [to Dr. Henry's opinion] as it is consistent with the

4   overall evidence and the opinions of other accepted medical sources." (Tr. at 35.)

5   Dr. Henry's opinion does not support Plaintiff's argument that he has greater mental

6   limitations than determined by the ALJ. Dr. Henry noted that Plaintiff complained of hearing

7   voices and experiencing hallucinations. (Tr. at 281.)   After performing psychiatric

8   tests,  however, Dr. Henry concluded that Plaintiff had "no cognitive impairment."

9   (Tr. at 284.) Dr. Henry also observed that Plaintiff had no difficulty in "managing money"

10  (Tr. at 284) and that Plaintiff "demonstrated adequate focus, concentration and memory

11  during . . . evaluation." (Tr. at 285-86.)  The ALJ did not err in giving significant weight

12  to Dr. Henry's opinions

13      Plaintiff fails to show that the ALJ erred in evaluating the medical evidence regarding

14  his mental impairments. The ALJ properly accorded significant weight to the acceptable

15  medical opinion of Dr. Henry. The ALJ also did not err in failing to discuss Dr. Gillespie's

16  opinions in detail. Finally, the ALJ gave germane reasons for rejecting the opinions of

17  Plaintiff's therapists at Spokane Mental Health.

18      **2.  Did the ALJ err in assessing Plaintiff's RFC?**

19      A claimant's RFC  is "the most [a claimant] can still do despite [his] limitations." 20

20  C.F.R. § 416.945(a); *see also* 20 C.F.R. Part 404, Subpart P, Appendix 2, § 200.00(c)

21  (defining RFC as the "maximum degree to which the individual retains the capacity for

22  sustained performance of the physical-mental requirements of jobs.").  In formulating an

23  RFC, the ALJ weighs medical and other source opinion and also considers the claimant's

24  _____

25  conditions" (ECF No. 16 at 10), however, the Court concludes that Plaintiff is not

26  challenging the ALJ's consideration of Dr. Hussey's opinions.

ORDER GRANTING DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT - 8

1  credibility and ability to perform daily activities. *See, e.g., Bray v. Comm'r, Soc. Sec. Admin.*,
2  554 F.3d 1219, 1226 (9th Cir. 2009).

3      In this case, the ALJ found that Plaintiff had the RFC to

4      perform light work . . . except he is unable to perform work requiring binocular
       vision or even moderate exposure to hazards; he is limited to occasional
5      balancing, stooping, kneeling, crouching, crawling, and climbing ramps or
6      stairs, but can never climb ladders, ropes, or scaffolds; and he can perform
       simple, routine tasks that do not involve more than superficial contact with the
7      general public.

8  (Tr. at 33.)

9      The ALJ's RFC determination is consistent with the medical evidence in this case. As
10  discussed above, neither the records from Spokane Mental Health nor Dr. Henry's opinions
11  support a finding that Plaintiff suffers from greater mental impairments than those assessed
12  by the ALJ.  Furthermore, Edward Beaty, Ph.D., a psychological evaluator at the state level
13  of disability determination, opined that Plaintiff's medical record did not fully support
14  Plaintiff's allegations and concluded that Plaintiff was capable of simple work with
15  superficial contact with the public. (Tr. at 313.)  In completing a mental RFC assessment, Dr.
16  Beaty noted that, in a majority of functioning areas, Plaintiff's mental impairments were "not
17  significantly limited." (Tr. at 315-16.)  Dr. Beaty concluded that Plaintiff was capable of
18  "simple, multi-step, repetitive tasks, "superficial work-related social interactions," and
19  "manag[ing] simple variations in his work-related routine, avoid[ing] hazards, travel[ing] to
20  and from work-like settings and carry[ing] out work-related goals and plans set by others."
21  (Tr. at 317.)

22      The ALJ's RFC is determination is also consistent with Plaintiff's own reported ability
23  to perform daily activities. At the hearing, Plaintiff stated that the only household chore he
24  was able to help with was "wip[ing] . . . down" the kitchen. (Tr. at 73.) This statement is
25  belied by other reports made by Plaintiff in which he reported that he was capable of taking
26  part in family activities such as playing with his children and going on walks (Tr. at 169-70),

ORDER GRANTING DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT - 9

1    helping with household chores such as taking out the garbage, washing dishes, vacuuming,

2    household repairs, and  mowing lawn (Tr. at 168-69), making simple meals (Tr. at 168),

3    walking to the store (Tr. at 169), and watching movies, playing Xbox, and board games (Tr.

4    at 170).  Plaintiff also stated that, even though it was difficult for him, he spent most of his

5    free time attempting to read and write in preparation for his classes. (Tr. at 69.)  To the extent

6    that there was conflicting evidence about Plaintiff's abilities to perform daily activities, the

7    ALJ reasonably resolved the ambiguities. *Richardson*, 402 U.S. at 400.

8        Plaintiff further argues that the ALJ's RFC determination is inconsistent with the ALJ's

9    paragraph B criteria analysis at step three where the ALJ found that Plaintiff had moderate

10   social functioning difficulties and moderate to marked difficulties relating to concentration,

11   persistence, or pace. (Tr. at 32.) The Court disagrees that the ALJ's paragraph B criteria

12   analysis is inconsistent with the ALJ's RFC determination. In analyzing both the paragraph

13   B criteria and Plaintiff's RFC, the ALJ reached essentially the same conclusion: although

14   Plaintiff has certain mental limitations, these limitations do not preclude him from working

15   under certain conditions. The Plaintiff fails to show that the ALJ erred in either analyzing the

16   paragraph B criteria or in determining Plaintiff's RFC.

17       Finally, Plaintiff argues that the ALJ should have accepted the VE's answer to the

18   ALJ's second hypothetical question.  After posing a first hypothetical question to the VE, the

19   ALJ followed up by asking whether an individual with Plaintiff's limitations could perform

20   competitive employment when the individual would also require "special supervision" to

21   help him "set goals, make adjustments to routine changes, and . . . to deal[] with distractions

22   from psychological symptoms such as anger and anxiety." (Tr. at 90.) The VE answered that

23   no work would be available for such an individual. (Tr. at 90.)  A hypothetical question is

24   proper if it is based on "medical assumptions supported by substantial evidence in the record

25   that reflects each of the claimant's limitations." *Osenbrock v. Apfel*, 240 F.3d 1157, 1163 (9th

26   Cir. 2001). When an ALJ poses two hypothetical questions, adding additional limitations in

ORDER GRANTING DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT - 10

1   the second hypothetical, the ALJ is not necessarily "bound to accept as true the restrictions

2   set forth in the second hypothetical question if they were not supported by substantial

3   evidence." *Id.* at 1164-65. Substantial evidence does not support the alleged fact that

4   Plaintiff requires "special supervision." To the contrary, Dr. Beaty opined that Plaintiff's

5   "ability to sustain an ordinary routine without special supervision" was "not significantly

6   limited." (Tr. at 315.)  Plaintiff fails to show that the ALJ erred by not relying on the second

7   hypothetical because substantial evidence does not support the conclusion that Plaintiff

8   requires special supervision.

9            The ALJ did not err in assessing Plaintiff's RFC.

10          **3.   Does the record as a whole support the ALJ's conclusion that Plaintiff is**

11   **not disabled?**

12          Substantial evidence supports the ALJ's conclusion that Plaintiff's mental impairments

13   do not render him disabled.  As discussed above, Plaintiff's examining physicians, including

14   Dr. Henry, Dr. Beaty, and Dr. Gillespie, all acknowledge that Plaintiff suffers from certain

15   mental impairments, including depression and anxiety. None of Plaintiff's physicians,

16   however, opined that Plaintiff's mental impairments were severe enough to preclude

17   him from working. Plaintiff's ability to carry out daily activities further undermines his

18   argument that he is disabled.  The Court "must uphold the ALJ's findings if they are

19   supported by inferences reasonably drawn from the record . . . [e]ven when the evidence

20   is susceptible to more than one rational interpretation." *Molina*, 674 F.3d at 1111.  Plaintiff

21   fails to prove that the ALJ's findings are not supported by inferences reasonably drawn

22   from the record.  The Court finds the record as a whole supports the ALJ's conclusion that

23   Plaintiff is not disabled.

24                                    **CONCLUSION**

25          Having reviewed the record and the ALJ's findings, the Court concludes the ALJ's

26   decision is supported by substantial evidence and is not based on legal error.  Accordingly,

ORDER GRANTING DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT - 11

1    **IT IS ORDERED** that:

2        1.   Defendant's Motion for Summary Judgment, filed April 4, 2013, **ECF No. 18**, is

3    **GRANTED**.

4        2.   Plaintiff's Motion for Summary Judgment, filed February 25, 2013, **ECF No. 16**,

5    is **DENIED**.

6        The District Court Executive is directed to file this Order and provide copies to

7    counsel.  Judgment shall be entered for Defendant and the file shall be **CLOSED.**

8        **DATED** this 15th day of October, 2013.

9

10                                           s/ Wm. Fremming Nielsen

11    10-10-13                          WM. FREMMING NIELSEN
                                        SENIOR UNITED STATES DISTRICT JUDGE

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

ORDER GRANTING DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT - 12